**Douglas AIKEN, Appellant,**

v.

**Patrick HANCOCK and Mark Ferguson, Appellees.**

**No. 04–01–00759–CV.**

Court of Appeals of Texas, San Antonio.

June 18, 2003.

Rehearing Overruled July 16, 2003.

Ramon A. Cervantes, III, for Mark Ferguson.

Glenn J. Deadman, for Deadman & Ferguson.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion By PAUL W. GREEN, Justice.

This appeal arises from a deceptive trade practices, breach of fiduciary duty and equitable fee forfeiture case brought by Appellant Douglas Aiken against his former attorneys, Appellees Patrick Hancock and Mark Ferguson. On December 4, 2000, Aiken filed suit against Hancock and Ferguson, alleging several causes of action, including DTPA violations, breach of fiduciary duty, breach of contract, negligence, and gross negligence.[1] Ferguson filed a motion for summary judgment which was partially granted by the trial court, dismissing Aiken's breach of contract claims.[2] Ferguson then filed his first amended motion for summary judgment under both Texas Rule of Civil Procedure 166a(c) and 166a(i). This motion was granted, as well. Aiken now appeals from the trial court's decision, citing six reasons why Ferguson's second motion for summary judgment should not have been granted.

## Standard of Review

Ferguson filed both a traditional motion for summary judgment and a no-evidence motion for summary judgment. Tex.R.

Wayne H. Paris, Gillis, Paris & Heinrich, P.L.L.C., J. Elaine Watson, Law Office of Elaine Watson, P.C., Houston for Appellant.

Mark M. Ferguson, Glenn J. Deadman, Deadman & Ferguson, An Association of Prof Corp., Ramon A. Cervantes, III, San Antonio, W. David Moore, Law Office of W. David Moore, Boerne, for Appellee.

---

1. Aiken originally filed suit against Hancock, Ferguson, and the law firm of Deadman & Ferguson. The firm is not a party to this appeal. In addition, subsequent to the filing of this appeal, Hancock was dismissed, leaving Ferguson as the sole appellee.

2. Aiken's first amended petition eliminated all causes of action for breach of contract, negligence, and gross negligence, leaving breach of fiduciary duty and DTPA violations as the only remaining causes of action.

CIV. P. 166a(c), (i). To obtain a traditional summary judgment under rule 166a(c), a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the granting of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Johnson*, 891 S.W.2d at 644.

Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i); *Nast v. State Farm Fire and Cas. Co.*, 82 S.W.3d 114, 120 (Tex. App.-San Antonio 2002, no pet.). We review a no-evidence summary judgment de novo by construing the record in the light most favorable to the nonmovant and disregarding all contrary evidence and inferences. *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997); *Nast*, 82 S.W.3d at 120. A no-evidence summary judgment is improperly granted when the respondent brings forth more than a scintilla of probative evidence that raises a genuine issue of material fact. TEX.R. CIV. P. 166a(i); *Nast*, 82 S.W.3d at 120.

**Fracturing a Legal Malpractice Claim**

■ Because the order granting Ferguson's amended motion for summary judgment does not state the grounds on which the motion was granted, we will uphold the judgment on any valid ground in the motion that is supported by the record. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989).

■ Aiken sued Ferguson under several legal theories, including breach of fiduciary duty and DTPA violation. Ferguson argues Aiken's claims are properly categorized as a single legal malpractice claim and should not have been divided into separate claims. Texas law does not permit a plaintiff to fracture legal malpractice claims. *Greathouse v. McConnell*, 982 S.W.2d 165, 172 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

*Breach of Fiduciary Duty*

■ Although an attorney does have a fiduciary duty to his client, Aiken's characterization of his claim as one of breach of fiduciary duty is misplaced. *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 923 (Tex.App.-Ft. Worth 2002, pet. denied). The focus of such a breach is whether an attorney obtained an improper benefit from representing a client, while the focus of a legal malpractice claim is whether an attorney adequately represented a client. *Id.* Breach of fiduciary duty often involves the attorney's failure to disclose conflicts of interest, failure to deliver funds belonging to the client, improper use of client confidences, or engaging in self-dealing. *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex.App.-Houston [14th Dist.] 2001, pet. denied).

■ Unlike a claim for breach of fiduciary duty, a legal malpractice claim is based on negligence and arises from an attorney's alleged failure to exercise ordinary care. *Cosgrove v. Grimes*, 774 S.W.2d 662, 665 (Tex.1989). A cause of action for legal malpractice arises from an attorney giving a client bad legal advice or otherwise improperly representing the client. *Greathouse*, 982 S.W.2d at 172. For example, an attorney can commit legal

malpractice by not using an attorney's ordinary care in preparing, managing, and presenting litigation that affects the client's interests. *Kimleco Petroleum, Inc.*, 91 S.W.3d at 923–24. Such is the nature of the allegations here.

In support of his breach of fiduciary duty claim, Aiken specifically contends Ferguson (1) falsely represented he was prepared to go forward and try Aiken's case, (2) failed to reveal to Aiken that he was not prepared to go forward and try Aiken's case, (3) falsely represented that the expert witness was prepared to testify concerning a full audit, and (4) failed to reveal to Aiken that the expert witness was not fully prepared to testify concerning a full audit. These allegations constitute a claim for legal malpractice. Moreover, these allegations do not amount to self-dealing, deception, or express misrepresentations in Ferguson's legal representation, and do not support a separate cause of action for breach of fiduciary duty.

### DTPA Violations

■ With respect to his DTPA claim, Aiken alleges Ferguson violated sections 17.46(b)(3) and 17.50(a)(2) of the DTPA by making the representations listed above. TEX. BUS. & COM.CODE ANN. §§ 17.46(b)(3), 17.50(a)(2) (Vernon Supp.2003). Aiken argues that the statements were express misrepresentations and constitute unconscionable actions.

These statements, however, do not constitute deceptive conduct, but rather, conceivably negligent conduct, a distinction recognized by the Texas Supreme Court in *Latham v. Castillo,* 972 S.W.2d 66, 68 (Tex.1998). The allegations do not support an independent cause of action under the DTPA, separate from the legal malpractice cause of action.

Because Aiken's breach of fiduciary duty and DTPA claims constitute a thinly veiled claim for legal malpractice, we will now apply the summary judgment standard of review to this sole remaining claim.

### Summary Judgment on a Legal Malpractice Claim

Generally, to recover on a claim of legal malpractice, a plaintiff must prove: (1) the attorney owed the plaintiff a duty; (2) the attorney breached that duty; (3) the breach proximately caused the plaintiff's injuries; and (4) damages occurred. *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex.1995); *Cosgrove,* 774 S.W.2d at 665. When a legal malpractice claim arises for prior litigation, the plaintiff has the burden to prove that, but for the attorney's breach of duty, he or she would have prevailed on the underlying cause of action and would have been entitled to judgment. *Greathouse,* 982 S.W.2d at 172.

Even assuming Ferguson breached his duty to Aiken as an attorney, Aiken did not raise a fact issue that Ferguson's representations and subsequent conduct were the proximate cause of his injuries. TEX.R. CIV. P. 166a(i); *Greathouse,* 982 S.W.2d at 172. Because Aiken failed to produce evidence that, but for Ferguson's actions, he would have prevailed, we affirm the judgment of the trial court granting Ferguson's motion for summary judgment.