

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00288-CV

**W.L. RANCH, INC. AND CARL FLENTGE,**

**Appellants**

**v.**

**JOE RICHARD POOL,**

**Appellee**

From the 335th District Court
Burleson County, Texas
Trial Court No. 24,515

## MEMORANDUM OPINION

W.L. Ranch, Inc. and Carl Flentge filed suit against Joe Pool alleging several causes of action including breach of fiduciary duties, equitable fee forfeiture, and violations of the Texas Deceptive Trade Practices Act. Pool, their former attorney, had represented them in a lawsuit against an oil company. The trial court granted Pool's motion for directed verdict on all claims except one portion of W.L. Ranch and Flentge's claim for breach of fiduciary duty. The jury found that Pool did not breach his fiduciary

duty to W.L. Ranch and Flentge. The trial court entered judgment that W.L. Ranch and Flentge take nothing from Pool. We affirm.

## Background Facts

Carl Flentge is second executive vice-president of W.L. Ranch, Inc. Flentge retained Pool in 1995 to pursue a claim against Parker & Parsley Petroleum Company[1] for damages to a well on W.L. Ranch property. Tom Kitching, a petroleum engineer, became involved in the case as an expert. Pool filed suit on behalf of W.L. Ranch and Flentge against Parker & Parsley.

As the case progressed, Pool advised Flentge to retain a trial lawyer to pursue the claim, and Flentge retained Larry Wright as lead counsel. Flentge entered into a contingency contract with Wright providing that Wright would receive a thirty-five percent interest in Flentge's claims against Parker & Parsley. Wright and Pool had a referral agreement in which Pool would receive one half of Wright's interest in the claim, or seventeen and one half percent of the recovery. Prior to Wright becoming lead counsel, Flentge paid Pool on an hourly basis for his services.

The case went to mediation. Wright and Flentge disagreed on settling the claim, and Wright withdrew from case. Flentge maintains that Wright did not release his thirty-five percent interest in the claim after withdrawing. Wright understood that he no longer had an interest in the case after he withdrew. He only hoped to recover some of his expenses.

---

[1] Parker & Parsley Petroleum became Pioneer Natural Resources USA, Inc.

With Pool's help, Flentge then employed the firm Graves, Dougherty, Hearon, & Moody to represent him in the claim against Parker & Parsley. Flentge paid Pool an additional $5,000. Pool contends that the payment was for expenses in obtaining new counsel to take the case. Flentge's agreement with the new law firm provided that Flentge would pay a $50,000 retainer, an appeal fee of $30,000, expenses, and an additional contingency interest. Flentge further entered into a new contract with Pool in which he agreed to pay Pool a seventeen percent interest in the claim.

The case against the oil company went to trial, and the trial court entered a final judgment in favor of W.L. Ranch and Flentge for approximately $1.4 million. The Corpus Christi Court of Appeals reversed the trial court's judgment and rendered judgment that W.L. Ranch and Flentge take nothing in its claims against Parker & Parsley. The Corpus Christi Court found that Flentge's expert, Kitching, was not a qualified expert to express an opinion as to negligence in drilling a horizontal well.

Flentge then filed suit against several attorneys: Larry Wright, and his law firm of Mithoff and Jacks; the law firm of Graves, Dougherty, Hearon and Moody; John J. Mike McKetta; John McFarland; and Pool. Flentge's breach of fiduciary duties claims against Pool include (1) misrepresenting that Wright would take the case to trial, (2) failing to disclose the referral agreement with Wright, (3) requiring $5000 in addition to the interest in the gross recovery, and (4) failing to employ a qualified expert. Flentge also alleged violations of the Texas DTPA and equitable fee forfeiture.

**Breach of Fiduciary Duty**

The trial court granted Pool's motion for directed verdict on all of Flentge's claims for breach of fiduciary duty except for the claim concerning the payment of the additional $5000. In the first issue on appeal, Flentge argues that there is probative evidence to raise material fact issues to prevent a directed verdict on the breach of fiduciary duty claims.

**Standard of Review**

A directed verdict for a defendant is appropriate when the plaintiff does not present evidence raising a fact issue essential to the plaintiff's right of recovery or when a plaintiff admits or the evidence conclusively establishes a defense to the plaintiff's cause of action. *Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). In reviewing the grant of a directed verdict, an appellate court follows the standards for assessing the legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005). We must decide whether there is any evidence of probative value to raise an issue of material fact on the question presented. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We must credit the favorable evidence if reasonable jurors could and disregard the contrary evidence unless reasonable jurors could not. *City of Keller*, 168 S.W.3d at 827.

**Statute of Limitations**

The statute of limitations on a claim for breach of fiduciary duty is four years. *Willis v. Donnelly*, 199 S.W.3d 262, 279 (Tex. 2006); *Murphy v. Gruber*, 241 S.W.3d 689, 693 (Tex. App.—Dallas 2007, pet. den'd). Flentge's allegations of breach of fiduciary duty

are based upon two events.  The first is Pool's failure to disclose that Kitching was not a qualified expert.  The second is that Pool received a one-half interest in Wright's thirty-five percent contingency contract.

Flentge filed the original suit against Pool on February 10, 2006.  Flentge argues that he first learned Kitching had no experience in horizontal drilling when he read the Corpus Christi Court of Appeals opinion dated February 12, 2004.  However, Flentge testified at trial and acknowledged receiving a letter from Wright dated May 20, 1999.  In the letter Wright informs Flentge that Kitching "has very little scientific basis" supporting his theory of damages.  Wright states that the expert testimony must be scientifically based.  Wright expresses his concern that the jury, trial judge, or appellate court would find Kitching's testimony was not based upon scientific fact.  Wright did not feel comfortable that Kitching's expert testimony would support Flentge's expectation in damages.

Flentge further testified at trial that he was aware of Pool's interest in Wright's thirty-five percent contingency fee in 1999.  Flentge's claims of breach of fiduciary duty are barred by the statute of limitations.

Moreover, breach of fiduciary duty by an attorney most often involves the attorney's failure to disclose conflicts of interest, failure to deliver funds belonging to the client, placing personal interests over the client's interests, improper use of client confidences, taking advantage of the client's trust, engaging in self-dealing, or making misrepresentations to achieve these ends.  *Aiken v. Hancock*, 115 S.W.3d 26, 28 (Tex. App.—San Antonio 2003, pet. den'd); *Goffney v. Rabson*, 56 S.W.3d 186, 193 (Tex. App.—

Houston [14 Dist.] 2001, pet. den'd).  Flentge did not raise a material fact issue on his claims of breach of fiduciary duty to prevent a directed verdict.  We overrule the first issue.

### Defective Jury Questions

In the second issue, Flentge complains that the trial court submitted defective jury questions and erred in denying his requested jury questions.  Question 1 asked the jury whether Pool failed "to comply with his fiduciary duty … by requesting an additional $5.000.00 fee from Plaintiffs?"  Flentge's requested Question 1 asked, "Did [Pool] comply with his fiduciary duty to W.L. Ranch Inc. and/or Carl Flentge?"  Question 3 was conditional on an answer of "yes" to Question 1.  Because the jury answered "no" on Question 1, it did not reach Question 3.

Question 3 asked:

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate W.L. Ranch Inc. and/or Carl Flentge, for their damages, if any, that resulted from the conduct of Joe Richard Pool?
Consider the following elements of damages, if any, and none other:
Monies paid to Joe Richard Pool as attorney's fees.
Do not include an amount of interest for past damages, if any.

Flentge requested that Question 3 include a statement that the jury consider the following elements of damages, if any, and none other.

A) Monies paid to Joe Richard Pool
B) Monies paid to additional attorneys.

The trial court has broad discretion in submitting jury questions so long as the questions submitted fairly place the disputed issues before the jury.  *McIntyre v. Commission for Lawyer Discipline*, 247 S.W.3d 434, 443 (Tex. App.—Dallas 2008, pet.

den'd). A trial court is required to submit controlling questions to the jury if the issue is properly pleaded and supported by the evidence. TEX. R. CIV. P. 278. A judgment shall not be reversed because of the failure to submit other and various phases or different shades of the same question. TEX. R. CIV. P. 278. An incorrect jury instruction is grounds for reversal only if it likely caused the rendition of an improper verdict. *McIntyre v. Commission for Lawyer Discipline*, 247 S.W.3d at 444.

Flentge complains that the trial court's question improperly states that Pool requested $5,000 rather than received $5,000. We find that the trial court's question fairly placed the issue of Pool's breach of fiduciary duty regarding the $5,000 fee before the jury. The trial court did not abuse its discretion in denying the requested questions. We overrule the second issue on appeal.

## DTPA Claims

Flentge argues in his third issue that he presented probative evidence to raise a material fact issue on his DTPA claims and prevent a directed verdict. Flentge alleges Pool violated Section 17.46(b)(5) and (24) of the DTPA. TEX. BUS. & COM. CODE ANN. § 17.46 (Vernon 2011). Flentge's argument is again based upon Pool's failure to disclose that Kitching was not a qualified expert and failure to disclose his one-half interest in Wright's thirty-five percent contingency contract.

Flentge's DTPA claims are governed by a two-year statute of limitations. TEX. BUS. & COM. CODE ANN. § 17.565 (Vernon 2011). As previously discussed, Flentge became aware of the problems with the expert testimony and with Pool's one-half interest in Wright's thirty-five percent contingency contract in 1999. Flentge filed suit in

2006. Flentge's claims are barred by the statute of limitations. We overrule Flentge's third issue.

## Statute of Limitations

In his fourth issue, Flentge contends that he presented probative evidence to defeat Pool's statute of limitations defense and prevent a directed verdict. Flentge argues that the accrual date of the cause of action is deferred by the discovery rule and by fraudulent concealment. Flentge argues that he did not discover Kitching was not a qualified expert until the Court of Appeals decision in February 2004. Flentge further argues that he was not aware of Pool's interest in Wright's contingency fee until 2002. Flentge contends that his suit for breach of fiduciary duties and DTPA violations was timely based upon the discovery rule and fraudulent concealment. However, as previously discussed, the record shows that Flentge became aware of the problems with the Kitching's expert testimony and Pool's interest in the contingency fee in 1999. The claims are barred by the statute of limitations. The trial court did not err in granting the directed verdict on these claims. We overrule the fourth issue.

## Conclusion

The judgment of the trial court is affirmed.

AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 11, 2011
[CV06]