NO. 07-11-00213-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 16, 2012

CRAIG E. MENDENHALL, APPELLANT

v.

WARREN CLARK, APPELLEE

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 98,261-A; HONORABLE DAN L. SCHAAP, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Craig E. Mendenhall, appeals the granting of a summary judgment in favor of appellee, Warren L. Clark. Mendenhall contends that the trial court erred in granting Clark's no-evidence motion for summary judgment. Mendenhall also contends the trial court committed reversible error by allowing Clark to "advance affirmative defenses for the first time in a no-evidence motion for summary judgment." We affirm the judgment of the trial court.

Factual and Procedural Background

Mendenhall was convicted of a felony offense and the conviction became final in 2002. Subsequent to the conviction becoming final, Mendenhall engaged Clark to investigate and file a post-conviction writ of habeas corpus. Clark filed the writ in January 2003. The writ was denied by the Texas Court of Criminal Appeals in March 2003. In late 2009 or early 2010,[1] Mendenhall filed suit against Clark alleging three causes of action. Clark filed a general denial. Mendenhall then filed amended pleadings that eventually resulted in his second amended original petition being the operative pleading at the time Clark filed his motion for summary judgment.

Mendenhall's second amended original petition alleged three counts. The first two counts alleged fraud by nondisclosure. The third count alleged breach of fiduciary duty. After a proper time for discovery, Clark filed a no-evidence motion for summary judgment.

In the summary judgment motion, Clark contended that, despite how the counts in the amended petition were styled, Mendenhall's action was a suit for legal malpractice. Further, Clark's no-evidence motion for summary judgment sets forth that, since Mendenhall has produced no evidence of exoneration or actual innocence, he

---

[1] Mendenhall's original petition is not included in the record before us; however, Clark's original answer was filed on January 21, 2010.

cannot recover in a criminal case for legal malpractice. The trial court agreed with Clark and granted Clark's no-evidence motion for summary judgment.[2]

Mendenhall perfected his appeal and brings forth five issues. The first four issues deal with the correctness of the trial court's granting of the no-evidence motion for summary judgment. The last issue deals with an alleged error by the trial court in allowing Clark to present an affirmative defense without a sworn answer. We overrule all of Mendenhall's contentions and affirm the trial court's action.

No-evidence Motion for Summary Judgment

Standard of Review

We review summary judgments *de novo*. Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). In so doing, we examine the entire summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. Yancy v. United Surgical Partners Int'l, Inc., 236 S.W.3d 778, 782 (Tex. 2007); City of Keller v. Wilson, 168 S.W.3d 802, 824-25 (Tex. 2005).

When a movant files a no-evidence motion in proper form under Rule of Civil Procedure 166a(i), the burden shifts to the nonmovant to defeat the motion by presenting evidence that raises an issue of material fact regarding the elements challenged by the motion. Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex.

---

[2] Mendenhall had a traditional motion for summary judgment which the trial court denied in the same order that granted Clark's motion. Mendenhall has not appealed that denial.

2006). In other words, the nonmovant must respond to a no-evidence motion by presenting more than a scintilla of probative evidence on each challenged element. King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003); DR Partners v. Floyd, 228 S.W.3d 493, 497 (Tex.App.--Texarkana 2007, pet. denied). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." Merrell Dow Pharms, Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997).

Analysis

We begin our analysis by inspecting Mendenhall's amended original petition. As stated above, Mendenhall's live pleading attempted to plead a cause of action for non-disclosure of information, which Mendenhall claimed was fraudulent and a breach of fiduciary duty. However, when the pleading is examined in detail, it is apparent that the non-disclosure counts are nothing more or less than contentions that Clark failed to exercise reasonable professional skill and diligence in advising Mendenhall regarding Mendenhall's writ of habeas corpus. See Greathouse v. McConnell, 982 S.W.2d 165, 172 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) (allegations of negligence, breach of fiduciary duty, breach of good faith and fair dealing were all means to the end of alleging a complaint for legal malpractice). Further, the pleading alleging breach of fiduciary duty sets forth nothing more than the duty an attorney owes to his client to represent him properly. Nowhere in this pleading does Mendenhall allege that Clark obtained any improper benefit by representing Mendenhall. See Aiken v. Hancock, 115 S.W.3d 26, 28 (Tex.App.—San Antonio 2003, pet. denied) (distinguishing between

4

breach of fiduciary duty claims and legal malpractice claims). Rather, Mendenhall is again complaining about the failure of Clark to present a certain legal argument because Clark failed to identify the argument when presenting the writ of habeas corpus. This is a claim for legal malpractice.

No matter how a plaintiff may try to circumvent the elements of a legal malpractice claim, if the theory of recovery against an attorney sounds in tort, Texas courts are going to treat it as a legal malpractice claim. See Aiken, 115 S.W.3d at 28 (plaintiff's are not allowed to fracture legal malpractice claims); see also Greathouse, 982 S.W.2d at 172 (allegations of negligence, breach of fiduciary duty, breach of good faith and fair dealing were all means to the end of alleging a complaint for legal malpractice). Therefore, our review of Mendenhall's live pleading leads us to conclude that he has alleged a single cause of action for legal malpractice.

The elements of a legal malpractice claim are that: 1) the attorney owed the plaintiff a duty; 2) the attorney breached that duty; 3) the breach proximately caused the plaintiff's injuries; and 4) damages occured. See Belt v. Oppenheimer, Blend, Harrison & Tate, Inc., 192 S.W.3d 780, 783 (Tex. 2006); Peeler v. Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995). It was the element of proximate cause at which Clark's no-evidence motion for summary judgment was directed.

The Texas Supreme Court has held that, as a matter of public policy and as a matter of law, the criminal client's own conduct is the sole proximate cause of the client's conviction and damages. See Peeler, 909 S.W.2d at 497-98. Further, plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause

5

bar only if they have been exonerated on direct appeal, through post-conviction relief, or otherwise. Id.

The record in this case reveals that Mendenhall was not able to produce even a scintilla of evidence regarding exoneration. Therefore, as a matter of law, he has not been able to sustain one of the elements of his cause of action. Belt, 192 S.W.3d at 783. Accordingly, the trial court did not err in granting Clark's no-evidence motion for summary judgment. Mendenhall's first four issues are overruled.

## Lack of Sworn Pleading

Because of our holding that Mendenhall's claims were for legal malpractice and that causation is one of the elements of a legal malpractice claim, we do not need to address Mendenhall's fifth issue as presented. Rather than an affirmative defense, that requires a sworn pleading, the bar to recovery present in this matter is the lack of any evidence of causation. Peeler, 909 S.W.2d at 497-98. Mendenhall's fifth issue is overruled.

## Conclusion

Having overruled all of Mendenhall's issues, we affirm the judgment of the trial court granting Clark's no-evidence motion for summary judgment.

Mackey K. Hancock
Justice

6