**KIMLECO PETROLEUM, INC. and J.D. Olds, Appellants,**

v.

**MORRISON & SHELTON, A Professional Corporation, Appellee.**

No. 2–02–278–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 12, 2002.

Rehearing Overruled Jan. 9, 2003.

Bailey, Williams and James A. Williams, Dallas, for Appellants.

Cowles & Thompson, P.C., Charles T. Frazier, Jr. and William D. Cobb, Jr., Dallas, for Appellee.

Panel B: CAYCE, C.J., HOLMAN and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

This appeal is from a summary judgment in a suit by Appellants Kimleco Petroleum, Inc. and J.D. Olds, president of Kimleco, seeking to recover money damages from Appellee Morrison & Shelton, A Professional Corporation. Appellants claimed that Appellee was negligent and committed breaches of contract and fiduciary duty in representing Appellants in a lawsuit. Appellants' sole issue on appeal is that the trial court erred in granting summary judgment to Appellee by applying a two-year statute of limitations instead of a four-year statute of limitations. We affirm.

Kimleco hired Appellee to represent it in its lawsuit for damages based on the unsuccessful completion of an oil well ("the oil well lawsuit"). During the oil well lawsuit, Appellee designated an expert, Vincent Quinlan, to testify regarding Kimleco's economic damages. On January 23, 1999, at Kimleco's request, Appellee withdrew as Kimleco's counsel in the oil well lawsuit.

On March 19, 1999, the defendants in the oil well lawsuit filed a no-evidence motion for summary judgment, arguing that Quinlan, among others, was not qualified to render an opinion as to Kimleco's damages, and that Kimleco had failed to produce any probative evidence regarding damages. On March 30, 1999, the trial court granted the defendants' motion to exclude Quinlan's expert testimony on damages, and on May 14, 1999, the trial court granted the defendants' motion for summary judgment. The judgment became final on June 13, 1999.

On August 15, 2001, more than two years after the final judgment in the oil well lawsuit, Appellants filed the lawsuit at issue against Appellee. In their first amended original petition, Appellants made claims for breach of contract and negligence. They eventually amended those claims and added another for breach of fiduciary duty. Appellants alleged that Appellee negligently failed to advise them of the expert witness problem, failed to ask the court for additional time in which to designate a qualified expert, and misrepresented to Appellants the readiness of the case for trial.

On June 19, 2002, Appellee filed a motion for summary judgment, arguing the affirmative defense of limitations. Appellee alleged that Appellants' claims for

breach of contract, breach of fiduciary duty, and negligence were "no more than thinly veiled attempts to assert a legal malpractice claim," and the two-year statute of limitations had therefore run. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 2002); *Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988). The trial court held a hearing on the motion and granted summary judgment for Appellee on that ground.

In their sole issue, Appellants claim that the trial court erred in holding that the two-year statute of limitations barred their lawsuit, because their claims were in the nature of breach of fiduciary duty, not legal malpractice.

In a traditional summary judgment, the movant has the burden of showing that there is no genuine material fact issue and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex.1985). A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all the elements of the affirmative defense. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). To accomplish this, the defendant-movant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996). When the basis for summary judgment is the statute of limitations, the movant has the burden to show from the record that the suit is barred by limitations. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983); *Wright v. Fowler,* 991 S.W.2d 343, 349 (Tex.App.-Fort Worth 1999, no pet.).

■ We agree with Appellants that an attorney has a fiduciary duty to his client. *See Arce v. Burrow,* 958 S.W.2d 239, 246 (Tex.App.-Houston [14th Dist.] 1997) (op.

on reh'g), *rev'd in part on other grounds,* 997 S.W.2d 229 (Tex.1999); *Willis,* 760 S.W.2d at 645. We disagree, however, with Appellants' characterization of their claims as a breach of fiduciary duty. The focus of breach of fiduciary duty is whether an attorney obtained an improper benefit from representing a client, while the focus of a legal malpractice claim is whether an attorney adequately represented a client. *See Goffney v. Rabson,* 56 S.W.3d 186, 193 (Tex.App.-Houston [14th Dist.] 2001, pet. denied) (giving examples of when a breach of fiduciary duty has occurred); *Greathouse v. McConnell,* 982 S.W.2d 165, 172 (Tex.App.-Houston [1st Dist.] 1998, pet. denied).

■ The essence of a breach of fiduciary duty involves the "integrity and fidelity" of an attorney. *Goffney,* 56 S.W.3d at 193. A breach of fiduciary duty occurs when an attorney benefits improperly from the attorney-client relationship by, among other things, subordinating his client's interests to his own, retaining the client's funds, using the client's confidences improperly, taking advantage of the client's trust, engaging in self-dealing, or making misrepresentations. *Id.*

■ Unlike a claim for breach of fiduciary duty, legal malpractice is based on negligence, because such claims arise from an attorney's alleged failure to exercise ordinary care. *Cosgrove v. Grimes,* 774 S.W.2d 662, 665 (Tex.1989) (op. on reh'g). A cause of action for legal malpractice arises from an attorney giving a client bad legal advice or otherwise improperly representing the client. *Greathouse,* 982 S.W.2d at 172. For example, an attorney can commit legal malpractice by giving an erroneous legal opinion or erroneous advice, by failing to give any advice or opinion when legally obliged to do so, by disobeying a client's lawful in-

struction, by taking an action when not instructed by the client to do so, by delaying or failing to handle a matter entrusted to the attorney's care by the client, or by not using an attorney's ordinary care in preparing, managing, and presenting litigation that affects the client's interests. *Zidell v. Bird,* 692 S.W.2d 550, 553 (Tex. App.-Austin 1985, no writ).

Generally, courts do not allow a case arising out of an attorney's alleged bad legal advice or improper representation to be split out into separate claims for negligence, breach of contract, or fraud, because the "real issue remains one of whether the professional exercised that degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise." *Averitt v. PriceWaterhouseCoopers L.L.P.,* 89 S.W.3d 330, 333 (Tex.App.-Fort Worth, 2002, no pet. h.); *Sledge v. Alsup,* 759 S.W.2d 1, 2 (Tex.App.-El Paso 1988, no writ). Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice. *See Greathouse,* 982 S.W.2d at 172; *see also Averitt,* 89 S.W.3d at 333 (saying that a cause of action based on an attorney's alleged failure to perform a professional service is a tort rather than a breach of contract, regardless of whether a written contract providing for professional services exists between the attorney and client).

In support of their breach of fiduciary duty claim, Appellants rely on the same allegations that support their breach of contract claim: that Appellee negligently failed to timely designate a qualified expert witness and misled Appellants into believing the case was ready for trial. Here, although Appellants alleged three separate and distinct causes of action that were not labeled "legal malpractice," the crux of each of those claims was that Appellee did not provide Appellants with adequate legal representation. *See Greathouse,* 982 S.W.2d at 172. Appellants do not allege any conduct that could constitute breach of contract or fiduciary duty. In fact, the alleged professional failures of Appellee can only be characterized as legal malpractice. *See id.; see also Averitt,* 89 S.W.3d at 333. A legal malpractice claim is a tort and is governed by a two-year statute of limitations. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *Willis,* 760 S.W.2d at 644. Accordingly, the two-year statute of limitations applies here.

Because Appellants did not file suit until August 15, 2001, more than two years after the final summary judgment in the oil well lawsuit, Appellee conclusively established the affirmative defense of limitations. Consequently, the trial court did not err in granting Appellee's motion for summary judgment. We therefore affirm the trial court's judgment.