Opinion issued March 1, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00944-CV

———————————

Ramesh K. Wadhwa and Sarita Wadhwa, Appellants

V.

Shari Goldsberry and Laird,
Harris, Goldsberry, Tarlow & Valdez, L.L.P., Appellees



 



 

On Appeal from the County Court at Law Number 1

Brazoria County, Texas



Trial Court Case No. CI042509

 



 

MEMORANDUM OPINION

          Appellants,
Ramesh K. Wadhwa and Sarita Wadhwa, appeal the trial court’s grant of summary
judgment disposing of all of their claims against appellees, Shari Goldsberry
and the law firm Laird, Harris, Goldsberry, Tarlow & Valdez, L.L.P.
(collectively, “Goldsberry”).  In eight
points of error, Wadhwa argues that the trial court erred in: (1) denying his
motion to take judicial notice; (2) denying his motion to strike portions of
Goldsberry’s summary judgment evidence; (3) denying his motion to determine the
sufficiency of Goldsberry’s answers to certain requests for admission; (4) granting
Goldsberry’s motion to withdraw deemed admissions; (5) denying his motion for
summary judgment on his claim for violations of the Texas Deceptive Trade
Practices Act (“DTPA”);[1] (6) denying his motion for
summary judgment on his negligence claim; (7) sustaining Goldsberry’s
objections to portions of his affidavit filed in support of his response to
Goldsberry’s motion for summary judgment; and (8) granting Goldsberry’s motion
for summary judgment.

          We affirm.

                                                                                                                                                                
Background

Wadhwa is currently incarcerated for second-degree
murder.  In connection with this criminal
conviction, Wadhwa retained an attorney, Walter Reaves, to pursue several writs
of habeas corpus, which were denied in 2005.

In May 2007, Wadhwa sought advice from Goldsberry
regarding a civil suit against Reaves in connection with Reaves’ representation
of Wadhwa in the habeas corpus proceeding.[2]
 At this time, Goldsberry was a partner
with the law firm Laird, Harris, Goldsberry, Tarlow & Valdez, L.L.P. (“the
law firm”).  Goldsberry responded in
writing:

I
would be happy to assist you in attempting to collect your $14,000 from Mr.
Reaves.  Our biggest challenge here is
that the statute of limitations in this case runs in July of 2007.  That only gives us 6 weeks to file suit in
the matter.  I have enclosed a contract
for your signature that represents a contingency fee agreement.  Please act quickly and provide all
documentation of the habeas case that you have. 
At least I would want a cause number.

 

Ramesh Wadhwa initialed and signed the contingent fee
agreement.  He also forwarded multiple
documents regarding the habeas proceeding. 
Pursuant to the terms of the contingent fee agreement, Wadhwa was not
required to pay, and Goldsberry did not collect, any money as a retainer or
other compensation for Goldsberry’s representation.

Goldsberry reviewed the documents relevant to Reaves’
representation of Wadhwa and researched the applicable law.  She determined that Wadhwa likely would not
prevail in his claims against Reeves and, on May 30, 2007, sent the following
letter on the law firm’s letterhead:

I have concluded
my initial investigation of your claim and I must inform you that we will not
be able to proceed with the case.  For a
court to hear any claim against Mr. Reaves you must show that you would have
been exonerated on direct appeal or other post-conviction relief.  Peeler
v. Hughes & Luce, 909 S.W.2d 494 at 497-98 (Tex. 1995).  The reasoning being is the law assumes that
your conviction was the cause for the federal court to deny your writ of habeas
corpus and not any misrepresentations made by Mr. Reaves about his ability to
practice law in federal court.

If I were to
take your case I would have to assert, under threat of sanctions, that your
claims are grounded in law or fact.  See Tex. R. Civ. P. 13.  Unfortunately, I cannot make such a claim
given that the federal court did indeed consider your habeas writ and denied
your relief.  As you know, you are not
barred from bringing a new writ of habeas corpus at any time and so you have
suffered no damages as a result of Mr. Reaves misrepresentations.  Per the firm’s contract under section IX,[3]
I have completed my investigation of your claims and have determined that the
claims have no merit under the law. 
Therefore, I am terminating our contract and will not be filing the
petition.

Your statute of
limitations will run in June 2007.  It is
imperative that should you intend to file the matter yourself, you do so before
the running of the statute of limitations.

 

Wadhwa proceeded to timely file
his claims against Reaves pro se, and at the time this appeal was filed, those
claims were still pending.  However, he sent
another letter to Goldsberry regarding his suit against Reaves, asking her to
reconsider her decision not to represent him.

          On
December 7, 2007, the law firm applied to amend its registration as a limited
liability partnership by changing its name to “Laird Valdez, L.L.P.” and
changing the number of partners from six to four.  Goldsberry remained a partner of the law firm
at this time.

          On
December 12, 2007, Linda Woodard, a legal assistant at the law firm, sent
Wadhwa a letter stating, “We have received your letters.  However, I regret to inform you that due to
our current case load, we will not be able to assist you.”  This letter was sent on letterhead listing the
law firm’s former name.

          On
April 15, 2008, the law firm applied to renew its registration as a limited
liability partnership, again listing the name of the firm as Laird Valdez,
L.L.P. and stating that the firm had four partners.  The application was signed by Goldsberry as
the general partner.[4]

          On
May 26, 2009, Wadhwa filed suit against Goldsberry, alleging causes of action
for violation of the DTPA by misrepresentation, breach of express warranties,
intentional infliction of emotional distress, and negligence relating to the
professional services she rendered in connection with his suit against Reaves.  He stated that he “relied on the
[misrepresentations in Goldsberry’s May 30, 2007 letter] to [his] detriment and
proceeded with the case in Pro Se fashion.” 
He further alleged that, “[h]ad it not been for the above referenced
misrepresentations, I would not have proceeded in a Pro Se fashion.  I would have looked for a different
attorney.”  He also argued that
Goldsberry falsely claimed to be a partner in a limited liability partnership.

          On
October 15, 2009, Wadhwa moved for partial summary judgment on his negligence
claim against Goldsberry.  Goldsberry
responded to this motion by arguing that all of Wadhwa’s claims were actually
claims for legal malpractice and that he failed to conclusively establish each
element of his claim. 

          Wadhwa
also filed multiple sets of requests for admissions.[5]  Due to a clerical error of Goldsberry’s
counsel, Goldsberry failed to timely respond to Wadhwa’s second set of requests
for admissions.  Goldsberry’s counsel
moved to withdraw the deemed admissions and filed complete responses and
objections to Wadhwa’s second set of requests for admissions forty-five days
after the response was originally due, which was several months before the
close of the discovery period.  The trial
court granted Goldsberry’s motion to withdraw the deemed admissions.  Wadhwa also filed a motion to determine the
sufficiency of Goldsberry’s responses to all of his requests for admissions,
which was denied by the trial court.

          Goldsberry
moved for traditional and no-evidence summary judgment on all of Wadhwa’s
claims.  She argued that she was
“entitled to a take-nothing summary judgment” because (1) she “did not
make any representations to Wadhwa that could be the basis of any of Wadhwa’s
purported claims against Goldsberry”; (2) she “caused no injury to Wadhwa”; (3)
“Wadhwa failed to come forward with expert testimony to establish his
negligence claims”; (4) Wadhwa’s causes of action were “impermissibly fractured
legal malpractice claims”; (5) her statements “were made during her provision
of legal services based on her advice, skill, and judgment” and (6) “no
evidence exists as to one or more of the elements of each of Wadhwa’s purported
causes of action.”

          Wadhwa
subsequently moved for partial summary judgment on his negligence and DTPA claims
against Goldsberry, and he included his own affidavit and that of his wife as
summary judgment evidence.  Goldsberry
responded to this motion and objected to significant portions of Wadhwa’s
summary judgment evidence.  Goldsberry
objected to Sarita Wadhwa’s affidavit on the basis that “the statements
contained therein are conclusory, speculative, not based on personal knowledge,
are based on hearsay, and lack the proper foundation because Mrs. Wadhwa did
not hire or communicate firsthand with Goldsberry.”  Goldsberry also objected to large portions of
Ramesh Wadhwa’s affidavit on similar grounds and to other exhibits attached to
the motion for summary judgment.

          The
trial court denied Wadhwa’s motion for partial summary judgment on negligence
and his motion for summary judgment under the DTPA.

          Wadhwa
then responded to Goldsberry’s motion for summary judgment and requested that
the trial court take judicial notice of facts regarding Reaves’ representation
of Wadhwa in the habeas proceedings. 
Wadhwa also moved to strike several of Goldsberry’s summary judgment
exhibits relating to Reaves’ representation of Wadhwa and the habeas
proceedings.  The trial court denied
Wadhwa’s motion to strike and sustained Goldsberry’s objections to Wadhwa’s
summary judgment evidence.

          On
August 4, 2010, the trial court granted Goldsberry’s motion for summary
judgment in its entirety and ordered that Wadhwa take nothing from Goldsberry
and that all costs be taxed against Wadhwa. 
Wadhwa filed a motion for new trial and another motion to take judicial
notice of his previous motion to take judicial notice.  The trial court denied both motions.

                                                                                                                                              
Summary Judgments

In his fifth, sixth, and eighth points of error, Wadhwa
argues that the trial court erred in denying his own motions for summary
judgment on the issues of DTPA violations and negligence and in granting
Goldsberry’s summary judgment on all of his claims.

A.              
Standard of Review

We review the trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  When a party moves for both a traditional and
a no-evidence summary judgment, we first review the trial court’s summary
judgment under the no-evidence standard of Texas Rule of Civil Procedure
166a(i).  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the no-evidence summary judgment was
properly granted, we do not reach arguments under the traditional motion for
summary judgment.  Id.

To prevail on a no-evidence motion
for summary judgment, the movant must establish that there is no evidence to
support an essential element of the non-movant’s claim.  Tex.
R. Civ. P. 166a(i); see Flameout Design & Fabrication, Inc. v.
Pennzoil Caspian Corp., 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.]
1999, no pet.).  The burden then shifts
to the non-movant to present evidence raising a genuine issue of material fact
as to the elements specified in the motion. 
Mack Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  “The trial court must grant the motion
unless the nonmovant produces more than a scintilla of evidence raising a
genuine issue of material fact on the challenged elements.”  Flameout Design & Fabrication, 994
S.W.2d at 834.

To prevail on a traditional summary
judgment motion, the movant has the burden of proving that it is entitled to
judgment as a matter of law and that there are no genuine issues of material
fact.  Tex.
R. Civ. P. 166a(c); Cathey v. Booth, 900 S.W.2d 339, 341 (Tex.
1995).  When, as here, the trial court’s
summary judgment order does not state the basis for the trial court’s decision,
we must uphold the order if any of the theories advanced in the motion are
meritorious.  Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211,
216 (Tex. 2003).

When both parties move for summary judgment on the same
issue, and the trial court grants one motion and denies the other, we consider
the summary judgment evidence presented by both sides and determine all
questions presented.  Dorsett, 164 S.W.3d at 661.  If we determine that the trial court erred,
we render the judgment that the trial court should have rendered.  Id.

B.              
Goldsberry’s Summary Judgment Motion

In his eighth point of error, Wadhwa argues that the trial
court erred in granting Goldsberry’s motion for summary judgment disposing of
all of his claims.  He argues, in part,
that Goldsberry’s motion did not address all of his causes of action.  Goldsberry argues that Wadhwa’s causes of
action were “impermissibly fractured legal malpractice claims” and that he was
not entitled to recover for legal malpractice. 
Thus, we first address the nature of Wadhwa’s claims and determine
whether Goldsberry’s motion for summary judgment addressed all of Wadhwa’s
causes of action.

1.                
Nature
of Wadhwa’s Claims

Legal malpractice is not the only cause of action under
which a client can recover from his attorney. 
Goffney v. Rabson, 56 S.W.3d
186, 190 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  For example, claims other than legal
malpractice may be allowed “[w]hen the facts of a case support claims against a
lawyer for something other than professional negligence.”  Murphy
v. Gruber, 241 S.W.3d 689, 695 (Tex. App.—Dallas 2007, pet. denied).

However, plaintiffs may not “divide or fracture” legal malpractice
claims into additional causes of action. 
Goffney, 56 S.W.3d at 190.  “Generally,
courts do not allow a case arising out of an attorney’s alleged bad legal
advice or improper representation to be split out into separate claims for
negligence, breach of contract, or fraud, because the ‘real issue remains one
of whether the professional exercised that degree of care, skill, and diligence
that professionals of ordinary skill and knowledge commonly possess and
exercise.’”  Kimleco Petroleum, Inc. v. Morrison & Shelton, 91 S.W.3d 921,
924 (Tex. App.—Fort Worth 2002, pet. denied) (quoting Averitt v. PriceWaterhouseCoopers L.L.P., 89 S.W.3d 330, 333 (Tex.
App.—Fort Worth 2002, no pet.)). 
Regardless of the theories a plaintiff pleads, the claim is one for legal
malpractice when “the crux of the complaint is that the plaintiff’s attorney
did not provide adequate legal representation.” 
Id.

(a) DTPA Claims

Wadhwa alleged violation of the DTPA by
misrepresentation.  Wadhwa specifically
alleged that Goldsberry misrepresented to him that his claims were not
meritorious and that she “claimed falsely ‘LLP’ when in fact she was not.”  He claims that her false representations
about his case “induced [him] to assume a risk [he] would not have taken had
the truth been known.  [He] would have
looked for a different attorney.”  He
further alleges that her actions were unconscionable.

Regarding claims against professionals, the DTPA provides:


(c) Nothing in
this subchapter shall apply to a claim for damages based on the rendering of a
professional service, the essence of which is the providing of advice,
judgment, opinion, or similar professional skill. This exemption does not apply
to:

 

(1)
an express misrepresentation of a material fact that cannot be characterized as
advice, judgment, or opinion; 

 

(2)
a failure to disclose information in violation of Section 17.46(b)(24); 

 

(3)
an unconscionable action or course of action that cannot be characterized as
advice, judgment, or opinion; 

 

(4)
breach of an express warranty that cannot be characterized as advice, judgment,
or opinion; or 

 

(5) a violation of Section 17.46(b)(26).

Tex.
Bus. & Com. Code Ann. § 17.49(c) (Vernon 2011).

          Thus,
to the extent that Wadhwa is alleging that Goldsberry’s statements in her May
30, 2007 letter and other correspondence were misrepresentations of his
potential case against Reaves based on her advice, judgment, or opinion, those
claims cannot be brought under the DTPA and are properly characterized as legal
malpractice claims.  See id.; Kimleco Petroleum,
Inc., 91 S.W.3d at 924.  Furthermore,
Wadhwa does not allege any actions that could be characterized as
unconscionable or deceptive conduct for the purpose of creating a separate
cause of action under the DTPA arising out of Goldsberry’s opinions and advice
regarding his potential claims against Reaves. 
See Latham v. Castillo, 972
S.W.2d 66, 68–69 (Tex. 1998) (distinguishing between negligent conduct and
deceptive conduct in determining whether claims against attorney constituted
legal malpractice claims or separate claim under DTPA).

However, Wadhwa’s claim that Goldsberry misrepresented
that she was practicing law as part of a limited liability partnership can be
characterized as “an express misrepresentation of a material fact that cannot
be characterized as advice, judgment, or opinion,” and, thus, can be brought as
a DTPA claim.  See Tex. Bus. & Com.
Code Ann. § 17.49(c)(1); see
Latham, 972 S.W.2d at 68.

Thus, Wadhwa’s claims of DTPA violations are properly
characterized as legal malpractice claims, except for his claim that Goldsberry
misrepresented the nature of her law practice.

(b) Remaining Claims

Wadhwa’s remaining claims for breach of an express
warranty, intentional infliction of emotional distress, and negligence are all
essentially claims that Goldsberry “did not provide adequate legal
representation.”  See Kimleco Petroleum, Inc., 91 S.W.3d at 924.  

He alleged that Goldsberry made a “warranty . . . for
the recovery of Wadhwa’s $14,000 (i.e. assistance in such matter),” that she
breached the warranty by refusing her assistance, and that he was injured as a
result.  He also alleged that
Goldsberry’s acts in the course of her representation of him were “intentional
and/or reckless and her conduct [was] extreme and outrageous” and caused him “severe
emotional distress.”  Finally, Wadhwa
alleged that Goldsberry’s actions in advising him about his potential case
against Reaves were negligent and that she “breached her duty by misinforming
that my causes of action had no merit.” 
He further alleged that but for this breach, he would not “have
litigated pro se and would have hired a different attorney.”

All of these claims are based on the professional legal
services Goldsberry provided to Wadhwa in investigating his potential claims
and declining to represent him, and the underlying question is whether she
“exercised that degree of care, skill, and diligence that professionals of
ordinary skill and knowledge commonly possess and exercise.”  See id.  Thus, these claims are properly
characterized as legal malpractice claims.

          Therefore, we
conclude that all of Wadhwa’s claims can properly be characterized as legal
malpractice claims, except for the separate claim that Goldsberry committed a
deceptive act by “claiming falsely ‘LLP’ when in fact she was not.”  Goldsberry’s motion for summary judgment
addressed both of these claims.  We next
determine whether the trial court properly granted Goldsberry’s summary
judgment on these two claims.

2.                
Summary
Judgment on Legal Malpractice Claims

To recover on a claim of legal
malpractice, a plaintiff must prove (1) the attorney owed the plaintiff a duty;
(2) the attorney breached that duty; (3) the breach proximately caused the
plaintiff’s injuries; and (4) damages occurred.  Alexander
v. Turtur & Assocs., Inc., 146 S.W.3d 113, 117 (Tex. 2004); Peeler
v. Hughes & Luce, 909
S.W.2d 494, 496 (Tex. 1995).  An attorney
owes a duty of care only to his or her client, not to
third parties who may have been damaged by the attorney’s negligent
representation of the client.  Barcelo
v. Elliott, 923 S.W.2d 575,
577 (Tex. 1996).

The attorney-client relationship
may be expressly created through a contract, or it may be implied from the
actions of the parties.  Bright v. Addison, 171 S.W.3d 588, 596
(Tex. App.—Dallas 2005, pet. denied); Honeycutt
v. Billingsley, 992 S.W.2d 570, 581 (Tex. App.—Houston [1st Dist.] 1999,
pet. denied).  To establish an
attorney-client relationship, the parties must explicitly or by their conduct
manifest an intention to create it.  Roberts
v. Healey, 991 S.W.2d 873,
880 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Here, the contingency fee
contract signed and initialed by Wadhwa clearly stated that the contract was
subject to Goldsberry’s investigation of “the facts and the current
state of the law.”  It stated, “If after
a review of the investigation it is deemed in [Goldsberry’s] sole judgment that
[Goldsberry] does not desire to handle the case, upon written notice to
[Wadhwa] of [Goldsberry’s] intention to withdraw, [Goldsberry] will not be
responsible further to [Wadhwa] in this matter.”  It is undisputed that Goldsberry completed
this investigation and informed Wadhwa in a timely manner, in writing, of her
intention not to represent him.  It is
undisputed that Goldsberry never collected any money from Wadhwa or undertook
any legal work for Wadhwa beyond investigating his potential claims against
Reaves.

Thus, Goldsberry declined to accept Wadhwa’s case and no
attorney-client relationship existed between Goldsberry and Wadhwa once she
notified him of this fact in writing. 
Wadhwa cannot show that Goldsberry owed him any duty regarding his
potential claims against Reaves.[6]  See Alexander, 146 S.W.3d at
117; Bright, 171 S.W.3d at 596;
see also Flameout Design &
Fabrication, 994 S.W.2d at 834 (stating that trial court must grant summary
judgment unless nonmovant produces more than scintilla of evidence raising
genuine issue of material fact).  

Furthermore, there was no evidence of any attorney-client
relationship between Sarita Wadhwa and Goldsberry.  Thus, Sarita likewise cannot show that
Goldsberry owed her any duty.  See
Barcelo, 923 S.W.2d at
577 (stating that attorney owes duty of care only to
his or her client, not to third parties who may have been damaged by attorney’s
negligent representation of client).

The trial court properly granted summary judgment in favor
of Goldsberry and the law firm on Wadhwa’s legal malpractice claims.

3.                
Summary
Judgment on DTPA Claim

To prevail on a DTPA claim, a plaintiff must prove that
the defendant’s misrepresentation was the producing cause of the plaintiff’s
injuries.  Tex. Bus. & Com. Code Ann. § 17.50(a) (Vernon 2011); Alexander, 146 S.W.3d at 117.  Here, Wadhwa alleges that Goldsberry
misrepresented that she was practicing law as a member of a limited liability
partnership.  However, he presented no
evidence to support this allegation. 
Goldsberry provided evidence that, at all times relevant to this suit,
she was a partner in the law firm and the firm was registered as a limited
liability partnership, both before and after the firm amended its name.  Thus, Wadhwa has failed to produce more than
a scintilla of evidence on his claim that Goldsberry misrepresented the
business form of her law practice, and the trial court properly granted summary
judgment in favor of Goldsberry on this claim. 
See Tex. Bus. & Com. Code Ann. § 17.50(a); Alexander, 146 S.W.3d at 117; Flameout Design & Fabrication, 994
S.W.2d at 834.

We overrule Wadhwa’s eighth point of error.

C.              
Wadwha’s Summary Judgment Motions

In his fifth and sixth points of error, Wadhwa argues that
the trial court erred in denying his own motions for summary judgment on the
issues of DTPA violations and negligence. 
Because we have already determined that the trial court properly granted
summary judgment in favor of Goldsberry, we do not need to address these
issues.  See Dorsett, 164 S.W.3d at 661 (holding that when both parties move
for summary judgment on same issue, and trial court grants one motion and
denies other, we consider summary judgment evidence presented by both sides and
determine all questions presented).  

We overrule Wadhwa’s fifth and sixth points of errors.

                                                                                               
Remaining Evidentiary and Discovery Issues

In his first, second, third, fourth, and seventh points of
error, Wadhwa argues that the trial court erred in denying his motion to take
judicial notice, his motion to determine the sufficiency of Goldsberry’s
answers to certain requests for admissions, and his motion to strike
Goldsberry’s summary judgment evidence relating to Reaves’ representation of
Wadhwa.  He also argues that the trial
court erred in granting Goldsberry’s motion to withdraw deemed admissions and
her objections to portions of his summary judgment evidence.  We have already determined that the trial
court did not err in granting Goldsberry’s motion for summary judgment.  These remaining issues address evidence that
is irrelevant to that determination, and, therefore, they are overruled.

We overrule Wadhwa’s first, second, third, fourth, and
seventh points of error.




 

Conclusion

We affirm the judgment of the trial court.

 

 

                                                                   Evelyn
V. Keyes

                                                                   Justice


 

Panel consists of Justices Keyes, Bland, and
Sharp.

 











[1]           See
Tex. Bus. & Com. Code Ann.
§§ 17.41–.63 (Vernon 2011 & Supp. 2011).





[2]           Wadhwa sought to file suit against
Reaves for, among other claims, an alleged misrepresentation that Reaves was
admitted to practice law in the relevant federal courts when, in fact, he was
not.  The federal court that denied
Wadhwa’s petition for writ of habeas corpus indicated that, in spite of that
and other procedural deficiencies, it considered the merits of Wadhwa’s claims
based on his pro se filings.





[3]           Section IX of the contingent fee
agreement provided:

 

            CLIENT
is hereby specifically notified that ATTORNEY will investigate this matter to
determine if a viable case exists. 
ATTORNEY will investigate the facts and the current state of the law and
advise CLIENT further.  If after a review
of the investigation it is deemed in ATTORNEY’s sole judgment that ATTORNEY
does not desire to handle the case, upon written notice to CLIENT of ATTORNEY’s
intention to withdraw, ATTORNEY will not be responsible further to CLIENT in
this matter.  Should that occur, at that
time CLIENT will be free to choose other counsel.  Should that occur, ATTORNEY will hold a lien
to the extent of the actual expenses incurred and will otherwise relinquish all
interest for Attorney’s fees back to CLIENT. . . .





[4]           The law firm subsequently maintained
its status a limited liability partnership by filing regular applications for
renewal, although Goldsberry quit practicing with the law firm in 2008.

 





[5]           Wadhwa’s second set of requests for
admissions sought answers regarding the business form of the law firm,
including whether it had filed an initial application for registration with the
Secretary of State, whether it had filed various renewal applications, and
whether it was a limited liability partnership or a general partnership.  It also sought various admissions about
Goldsberry’s and the law firm’s investigation into Wadhwa’s claims.





[6]           An attorney may be held negligent for
failing to advise a party that he is not representing the party.  Burnap
v. Linnartz, 914 S.W.2d 142, 148 (Tex. App.—San Antonio 1995, writ denied)
(citing Kotzur v. Kelly, 791 S.W.2d
254, 258 (Tex. App.—Corpus Christi 1990, no writ) and Parker v. Carnahan, 772 S.W.2d 151, 157 (Tex. App.—Texarkana 1989,
writ denied)).  However, such negligence generally cannot
be established in the absence of evidence that the attorney knew the party had
assumed that the attorney was representing him in the matter.  Id. at
148–49.  It is undisputed that Goldsberry
discharged her duty to inform Wadhwa that she would not represent him, and he
affirmatively demonstrated that he understood that she was not representing him
by sending her a letter asking her to reconsider that decision and by filing
his case against Reaves pro se.