NO. 07-12-0018-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL B

 OCTOBER 15, 2012
 _____________________________

 WILLIAM M. WESTMORELAND,

 Appellant
 v.

 JOSEPH A. TURNER, P.C., JOSEPH A. TURNER AND CHRISTOPHER M. PERRI,

 Appellees
 _____________________________

 FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

 NO. 99,678-A; HONORABLE DAN L. SCHAAP, PRESIDING
 _____________________________

 Memorandum Opinion
 _____________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
 William M. Westmoreland (Westmoreland) appeals from a take-nothing
summary judgment granted in favor of Joseph A. Turner, P.C., Joseph A.
Turner, and Christopher M. Perri (collectively Turner) with respect to
Westmoreland's claims of legal malpractice against Turner. He contends the
trial court 1) used an improper standard of review for his legal
malpractice claims, 2) used an improper standard of review for his breach
of fiduciary duty claims, and 3) erred in dismissing his lawsuit. We
modify the judgment and affirm it as modified.
 We review a no-evidence motion for summary judgment under the
standard discussed in Kimber v. Sideris, 8 S.W.3d 672, 675-76 (Tex. App.-
Amarillo 1999, no pet.). To prevail on a claim of legal malpractice, the
plaintiff must prove 1) the attorney owed the plaintiff a duty, 2) the
attorney breached that duty, 3) the breach proximately caused the
plaintiff's injuries, and 4) damages occurred. Akin, Gump, Strauss, Hauer
& Feld, L.L.P. v. Nat'l Dev. & Research Corp., 299 S.W.3d 106, 112 (Tex.
2009). Westmoreland was convicted of murder in 2003. His claims of
malpractice, which were filed in 2011, relate to the filing of post-
conviction writs of habeas corpus in state and federal court. Summary
judgment was sought and granted on the basis there was no evidence of any
damages proximately caused by Turner's actions.
 Standard of Review for Legal Malpractice
 The Texas Supreme Court has held that, as a matter of law, the sole
proximate cause of any injuries flowing from a conviction is the criminal
conduct itself rather than any negligence of counsel relating to that
conviction. Peeler v. Luce, 909 S.W.2d 494, 498 (Tex. 1995). Therefore,
to be able to proceed on such a claim, the plaintiff must show that he has
been exonerated on direct appeal, through post-conviction relief, or in
some other manner. Id. at 497-98. Although the plaintiff in Peeler had
raised claims of malpractice with respect to her original trial, the same
is true with respect to malpractice claims regarding post-conviction
matters. See Mendenhall v. Clark, No. 07-11-00213-CV, 2012 Tex. App. Lexis
1213, at *6-7 (Tex. App.-Amarillo February 16, 2012, pet. denied) (mem.
op.) (involving a post-conviction writ of habeas corpus).
 Westmoreland argues that we should apply the standard of review
discussed in Millhouse v. Wiesenthal, 775 S.W.2d 626 (Tex. 1989), i.e., the
plaintiff must show that but for the attorney's negligence, he would have
prevailed on appeal. Id. at 627. However, Millhouse did not involve an
underlying criminal conviction and was decided prior to the Court's ruling
in Peeler. Because Westmoreland does not even deny his guilt much less
show that he has been exonerated in a judicial proceeding, summary judgment
was proper.
 Breach of Fiduciary Duty
 Westmoreland alleged claims of "breach of fiduciary duty" based on
the following misrepresentations:
 1. [Turner] misrepresented to Mr. Westmoreland that he could get past
 the time-bar by alleging, to the court, the negligence of Allen
 Boswell's (attorney) loss of the trial record for a three (3) month
 period.

 2. Misrepresentation by alleging that mishandling of the state
 application by the state court could start another one-year period on
 a new claim and get him past the time-bar.

 3. Counsel misrepresented, to Mr. Westmoreland, that his
 ineffectiveness in miscalculating the one-year statute of limitations
 would allow him to pursue, pro se, a request for authorization from
 the Fifth Circuit Court of Appeals to toll the statute of limitations.
 Counsel drafted the claim and sent it to Mr. Westmoreland. The claim
 was filed pro se and denied.

Whether allegations labeled as breach of fiduciary duty, fraud, or some
other cause are actually claims for professional negligence is a question
of law. Duerr v. Brown, 262 S.W.2d 63, 70 (Tex. App.-Houston [14th Dist.]
2008, no pet.). As long as the crux of the complaint is inadequate legal
representation, it is a claim for legal malpractice. Kimleco Petroleum,
Inc. v. Morrison, 91 S.W.3d 921, 924 (Tex. App.-Fort Worth 2003, pet.
denied). The focus of a claim for breach of fiduciary duty is whether the
attorney obtained an improper benefit from the representation as opposed to
a failure to provide adequate representation. McGuire, Craddock, Strother
& Hale, P.C. v. Transcont. Realty Investors, Inc., 251 S.W.3d 890, 894
(Tex. App.-Dallas 2008, pet. denied); Kimleco Petroleum, Inc. v. Morrison &
Shelton, 91 S.W.3d at 923. When a party is guilty of giving an erroneous
legal opinion or bad advice, it constitutes malpractice. Zidell v. Bird,
692 S.W.2d 550, 553 (Tex. App.-Austin 1985, no writ). We construe
Westmoreland's allegations to fall within the latter category and to be
subject to the same proximate cause issues addressed under the first issue.
 Simply put, summary judgment was also warranted on his claims of breached
fiduciary duty.
 Dismissal
 Finally, Westmoreland argues that a dismissal is improper in a
summary judgment proceeding. The trial court's order decreed that
Westmoreland "take nothing by his suit . . ., [and] that all claims
asserted by Plaintiff . . . are dismissed with prejudice . . . ." Several
courts have held that a take-nothing summary judgment should not recite
that the lawsuit is dismissed. Settle v. George, No. 02-11-00444-CV, 2012
Tex. App. Lexis 5831, at *12 (Tex. App.-Fort Worth July 19, 2012, no pet.)
(mem. op.); Mayo v. Suemaur Exploration & Production LLC, No. 14-07-00491-
CV, 2008 Tex. App. Lexis 7164, at *8-9 (Tex. App.-Houston [14th Dist.]
August 26, 2008, no pet.) (mem. op.); Martinez v. Southern Pac. Transp.,
Co., 951 S.W.2d 824, 830 (Tex. App.-San Antonio 1997, no writ).
Accordingly, we modify the judgment to substitute the word "denied" for
"dismissed."

 The judgment is modified as stated above and in all other respects
affirmed.

 Per Curiam