NO. 07-12-0018-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2012
_____

WILLIAM M. WESTMORELAND,

Appellant

v.

JOSEPH A. TURNER, P.C., JOSEPH A. TURNER AND
CHRISTOPHER M. PERRI,

Appellees
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 99,678-A; HONORABLE DAN L. SCHAAP, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

William M. Westmoreland (Westmoreland) appeals from a take-nothing summary judgment granted in favor of Joseph A. Turner, P.C., Joseph A. Turner, and Christopher M. Perri (collectively Turner) with respect to Westmoreland's claims of legal malpractice against Turner. He contends the trial court 1) used an improper standard of review for his legal malpractice claims, 2) used an improper standard of review for his breach of

fiduciary duty claims, and 3) erred in dismissing his lawsuit. We modify the judgment and affirm it as modified.

We review a no-evidence motion for summary judgment under the standard discussed in *Kimber v. Sideris,* 8 S.W.3d 672, 675-76 (Tex. App.–Amarillo 1999, no pet.). To prevail on a claim of legal malpractice, the plaintiff must prove 1) the attorney owed the plaintiff a duty, 2) the attorney breached that duty, 3) the breach proximately caused the plaintiff's injuries, and 4) damages occurred. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 112 (Tex. 2009). Westmoreland was convicted of murder in 2003. His claims of malpractice, which were filed in 2011, relate to the filing of post-conviction writs of habeas corpus in state and federal court. Summary judgment was sought and granted on the basis there was no evidence of any damages proximately caused by Turner's actions.

*Standard of Review for Legal Malpractice*

The Texas Supreme Court has held that, as a matter of law, the sole proximate cause of any injuries flowing from a conviction is the criminal conduct itself rather than any negligence of counsel relating to that conviction. *Peeler v. Luce,* 909 S.W.2d 494, 498 (Tex. 1995). Therefore, to be able to proceed on such a claim, the plaintiff must show that he has been exonerated on direct appeal, through post-conviction relief, or in some other manner. *Id.* at 497-98. Although the plaintiff in *Peeler* had raised claims of malpractice with respect to her original trial, the same is true with respect to malpractice claims regarding post-conviction matters. *See Mendenhall v. Clark,* No. 07-11-00213-CV, 2012 Tex. App. LEXIS 1213, at *6-7 (Tex. App.–Amarillo February 16, 2012, pet. denied) (mem. op.) (involving a post-conviction writ of habeas corpus).

2

Westmoreland argues that we should apply the standard of review discussed in *Millhouse v. Wiesenthal,* 775 S.W.2d 626 (Tex. 1989), *i.e.,* the plaintiff must show that but for the attorney's negligence, he would have prevailed on appeal. *Id.* at 627. However, *Millhouse* did not involve an underlying criminal conviction and was decided prior to the Court's ruling in *Peeler*. Because Westmoreland does not even deny his guilt much less show that he has been exonerated in a judicial proceeding, summary judgment was proper.

*Breach of Fiduciary Duty*

Westmoreland alleged claims of "breach of fiduciary duty" based on the following misrepresentations:

> 1. [Turner] misrepresented to Mr. Westmoreland that he could get past the time-bar by alleging, to the court, the negligence of Allen Boswell's (attorney) loss of the trial record for a three (3) month period.
>
> 2. Misrepresentation by alleging that mishandling of the state application by the state court could start another one-year period on a new claim and get him past the time-bar.
>
> 3. Counsel misrepresented, to Mr. Westmoreland, that his ineffectiveness in miscalculating the one-year statute of limitations would allow him to pursue, pro se, a request for authorization from the Fifth Circuit Court of Appeals to toll the statute of limitations. Counsel drafted the claim and sent it to Mr. Westmoreland. The claim was filed pro se and denied.

Whether allegations labeled as breach of fiduciary duty, fraud, or some other cause are actually claims for professional negligence is a question of law. *Duerr v. Brown,* 262 S.W.2d 63, 70 (Tex. App.–Houston [14th Dist.] 2008, no pet.). As long as the crux of the complaint is inadequate legal representation, it is a claim for legal malpractice. *Kimleco Petroleum, Inc. v. Morrison,* 91 S.W.3d 921, 924 (Tex. App.–Fort Worth 2003, pet. denied). The focus of a claim for breach of fiduciary duty is whether the attorney

obtained an improper benefit from the representation as opposed to a failure to provide adequate representation. *McGuire, Craddock, Strother & Hale, P.C. v. Transcont. Realty Investors, Inc.*, 251 S.W.3d 890, 894 (Tex. App.–Dallas 2008, pet. denied); *Kimleco Petroleum, Inc. v. Morrison & Shelton,* 91 S.W.3d at 923. When a party is guilty of giving an erroneous legal opinion or bad advice, it constitutes malpractice. *Zidell v. Bird,* 692 S.W.2d 550, 553 (Tex. App.–Austin 1985, no writ). We construe Westmoreland's allegations to fall within the latter category and to be subject to the same proximate cause issues addressed under the first issue. Simply put, summary judgment was also warranted on his claims of breached fiduciary duty.

*Dismissal*

Finally, Westmoreland argues that a dismissal is improper in a summary judgment proceeding. The trial court's order decreed that Westmoreland "take nothing by his suit . . ., [and] that all claims asserted by Plaintiff . . . are dismissed with prejudice . . . ." Several courts have held that a take-nothing summary judgment should not recite that the lawsuit is dismissed. *Settle v. George,* No. 02-11-00444-CV, 2012 Tex. App. LEXIS 5831, at *12 (Tex. App.–Fort Worth July 19, 2012, no pet.) (mem. op.); *Mayo v. Suemaur Exploration & Production LLC,* No. 14-07-00491-CV, 2008 Tex. App. LEXIS 7164, at *8-9 (Tex. App.–Houston [14th Dist.] August 26, 2008, no pet.) (mem. op.); *Martinez v. Southern Pac. Transp., Co.,* 951 S.W.2d 824, 830 (Tex. App.–San Antonio 1997, no writ). Accordingly, we modify the judgment to substitute the word "denied" for "dismissed."

4

The judgment is modified as stated above and in all other respects affirmed.


Per Curiam