# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-22-00453-CV

---

**James Allen Brickley, Appellant**

**v.**

**Justin Elliott Reed, Appellee**

---

### FROM THE 146TH DISTRICT COURT OF BELL COUNTY
### NO. 21DCV328178, THE HONORABLE JACK WELDON JONES, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

James Allen Brickley appeals the trial court's judgment dismissing under Rule of Civil Procedure 91a his causes of action against Justin Elliott Reed for legal malpractice,[1] breach of fiduciary duty, breach of contract, and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA).[2] Reed moved for dismissal for lack of a basis in law, *see* Tex. R. Civ. P. 91a(1), arguing that all of Brickley's causes of action are in reality legal-malpractice claims under the "anti-fracturing rule"[3] and that as such the claims have no basis in law because they

---

[1] We have said that "professional negligence" might be the more precise term to use for these kinds of claims, *Beck v. Law Offs. of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 427 n.10 (Tex. App.—Austin 2009, no pet.), but we will use "professional negligence" and "legal malpractice" interchangeably below because the record and many applicable authorities use the terms interchangeably, *see, e.g.*, *Gray v. Skelton*, 595 S.W.3d 633, *passim* (Tex. 2020).

[2] In both a trial-court affidavit and his appellant's brief, Brickley confirms that these are the four causes of action that he has pleaded.

[3] *See, e.g.*, *Hanna v. Williams*, No. 03-22-00254-CV, 2022 WL 17490996, at *7 (Tex. App.—Austin Dec. 7, 2022, no pet. h.) (mem. op.) (naming and explaining the rule).

cannot survive the rule of causation known as the "*Peeler* doctrine."[4]  In three appellate issues, Brickley attacks this argument and adds that the *Peeler* doctrine is either inapplicable here or unconstitutional.  We affirm.

## BACKGROUND[5]

Brickley after a jury trial was found guilty and convicted of two counts of aggravated sexual assault and sentenced to 35 years' confinement.  *See Brickley v. State*, 623 S.W.3d 68, 72–73 (Tex. App.—Austin 2021, pet. ref'd).  His direct appeals of the convictions have been exhausted, and he remains convicted.  *See* Order, *Brickley v. State*, No. PD-0339-21 (Tex. Crim. App. Oct. 29, 2021) (denying leave for rehearing of denial of petition for discretionary review).  Reed represented Brickley for the criminal trial.  Brickley has now sued Reed, pleading legal malpractice, breach of fiduciary duty, breach of contract, and violations of the DTPA.  Reed moved to dismiss all claims under Rule 91a.  The trial court granted the motion and dismissed all claims in the suit.  Brickley now appeals.

## DISCUSSION

Reed's Rule 91a motion, and thus the trial court's judgment as well, depends on a two-step analysis of Brickley's causes of action.  In the first step, according to Reed, all of Brickley's causes of action are, despite the differing labels for them, in reality improperly fractured legal-malpractice claims.  In the second step, Reed argued that the legal-malpractice claims

---

[4]  *See, e.g.*, *Gray*, 595 S.W.3d at 637 (explaining *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497–98 (Tex. 1995) (plurality op.)).

[5]  Because of the posture of the case, we take as true the factual allegations in Brickley's live petition.  *See* Tex. R. Civ. P. 91a(1); *In re Facebook, Inc.*, 625 S.W.3d 80, 84–85 (Tex. 2021) (orig. proceeding).

cannot survive because of the *Peeler* doctrine. Brickley's third issue on appeal addresses the anti-fracturing rule, and his other two address *Peeler*.

## I.    Under the anti-fracturing rule, Brickley pleaded only legal-malpractice claims.

In his third issue, Brickley maintains that "[i]t was improper to dismiss each cause of action under Rule 91a . . . by considering each cause of action legal malpractice." He argues that his pleaded causes of action for breach of fiduciary duty, breach of contract, and violations of the DTPA are truly separate claims from his legal-malpractice claim.

Attorneys owe their clients the duty to act in a manner consistent with the standard of care expected to be exercised by a reasonably prudent attorney. *Vara v. Williams*, No. 03-10-00861-CV, 2013 WL 1315035, at \*3 (Tex. App.—Austin Mar. 28, 2013, pet. denied) (mem. op.); *Beck v. Law Offs. of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 426 (Tex. App.—Austin 2009, no pet.). Claims complaining of attorneys' care, skill, or diligence in representing clients implicate this duty of ordinary care and thus sound in legal malpractice. *See Vara*, 2013 WL 1315035, at \*3; *Beck*, 284 S.W.3d at 426.

Plaintiffs may not split, or "fracture," what are in essence legal-malpractice claims into separate claims under non-negligence theories like fraud, breach of fiduciary duty, breach of contract, or violations of the DTPA. *See Vara*, 2013 WL 1315035, at \*3; *Beck*, 284 S.W.3d at 426–27. A claim

> "arising out of an attorney's alleged bad legal advice or improper representation" may not "be split out into separate claims for negligence, breach of contract, or fraud [(or any other non-negligence theory)] because the real issue remains one of whether the professional exercised that degree of care, skill, and diligence that professionals of ordinary skill and knowledge commonly possess and exercise."

*Beck*, 284 S.W.3d at 426–27 (alteration in original) (quoting *Kimleco Petrol., Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth, 2002, pet. denied)); *accord Vara*, 2013 WL 1315035, at *3.

This anti-fracturing rule "does not mean that clients can sue their attorneys only for negligence," "[n]or does [it] necessarily bar a client from simultaneously asserting professional negligence and non-negligence claims against an attorney that are predicated on some common or overlapping facts." *Beck*, 284 S.W.3d at 427. "However, the claimant must do more than 'merely reassert the same claim for legal malpractice under an alternative label.'" *Id.* (quoting *Duerr v. Brown*, 262 S.W.3d 63, 70 (Tex. App.—Houston [14th Dist.] 2008, no pet.)). "The plaintiff must present a claim that goes beyond what traditionally has been characterized as legal malpractice." *Id.* (internal quotation omitted) (quoting *Duerr*, 262 S.W.3d at 70).

"In determining whether a complaint is a claim for negligence or something else, 'we are not bound by the labels the parties place on their claims.'" *Id.* at 427–28 (quoting *Murphy v. Gruber*, 241 S.W.3d 689, 697 (Tex. App.—Dallas 2007, pet. denied)). "Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice." *Id.* at 428 (internal quotation omitted) (quoting *Kimleco Petrol.*, 91 S.W.3d at 924). "This analysis focuses primarily on ascertaining whether the facts that are the basis for an asserted cause of action implicate only the lawyer's duty of ordinary care or independently actionable fiduciary, statutory, contractual, or other tort duties." *Id.* The analysis is a question of law. *Id.*

Beginning with Brickley's cause of action for breach of fiduciary duty, we note that one crucial distinction between a claim against a lawyer for breach of fiduciary duty and a negligence claim against a lawyer is that the former requires alleging that the lawyer received an

4

improper benefit. *Vara*, 2013 WL 1315035, at *4 n.4; *Beck*, 284 S.W.3d at 429, 438–39. Brickley alleged that Reed breached a fiduciary duty by these acts or omissions: "acting arbitrar[il]y to his client[']s position . . . , [a]lluding to the court that his client was informed of his rights prior to withdraw[al], [and] serving his own interest to escape the responsibility of the case rather than his client[']s best interest." Nowhere in these allegations, however—and nowhere else in his live petition—did Brickley allege that Reed received an improper benefit by the alleged acts and omissions. We thus conclude that Brickley's claim for breach of fiduciary duty is in essence an improperly fractured legal-malpractice claim. *See Vara*, 2013 WL 1315035, at *4 n.4; *Beck*, 284 S.W.3d at 429, 438–39.

Turning next to Brickley's claim of breach of contract, we conclude that it is an improperly fractured legal-malpractice claim as well. Brickley's live petition supports this claim with allegations that Reed

> breached the contract by not subpoenaing any witnesses to the proper trial date; not investigating witnesses as agreed; not keeping [Brickley] reasonably informed; fail[ing] to litigate in any reasonably prevailing manner; acting arbitra[il]y to his client[']s position prior to and during trial; failing to bring ev[]idence to trial; failing to inform [Brickley] of rights and procedures available to him; and . . . fail[ing] to turn over the client file as agreed.

Elsewhere in the live petition, Brickley clarified what he meant by Reed's allegedly acting arbitrarily to Brickley's position: Reed "acted arbitrar[il]y to his client prior to and during trial . . . by lying to client about continuances, bolstering the credibility of opposing party, [and] dimuning [sic] client[']s credibility to the court."[6] All these allegations concern allegedly improper legal representation or alleged bad legal advice. *See Vara*, 2013 WL 1315035, at *3;

---

[6] We assume that this last allegation means demeaning Brickley or his credibility.

5

*Beck*, 284 S.W.3d at 426–28. They concern Reed's preparation for Brickley's criminal trial; his conduct of the trial; or his acts or omissions in furtherance of that representation, *see, e.g.*, Tex. Disciplinary Rules Prof'l Conduct R. 1.03(a), (b) (requiring lawyers to "keep a client reasonably informed about the status of a matter" and to "explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation"), 1.15(d) (addressing "surrendering papers and property" to client after end of representation), *reprinted in* Tex. Gov't Code, tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9). "The real issue" underlying these allegations is whether Reed exercised the degree of care, skill, and diligence that professionals of ordinary skill and knowledge exercise. *See Vara*, 2013 WL 1315035, at *3; *Beck*, 284 S.W.3d at 426–27. The contract claim thus in reality is a legal-malpractice claim.

For the final, DTPA cause of action, Brickley's first allegation in support of his DTPA claim is that Reed "solicit[ed] services of bolstered skills that he did not possess." We have held that such an allegation amounts to an improperly fractured legal-malpractice claim. *See Beck*, 284 S.W.3d at 431 ("Texas courts, including this Court, have recognized that a complaint that a lawyer 'misrepresented' his competence to provide legal services or 'failed to disclose' his incompetence implicates only the lawyer's duty of ordinary care and is not independently actionable as a fiduciary duty, DTPA, or other tort claim."). The final allegation is that Reed "inferr[ed] to the court that [Brickley] had prepared the pro se motion to appeal on his own initiative to excuse himself from the lack of fulfillment of duty owed . . . by explaining the right to a new trial." We see this allegation as again implicating Reed's conduct of Brickley's criminal proceeding and his acts or omissions in furtherance of that representation, so we conclude that Brickley's DTPA claim also is an improperly fractured legal-malpractice claim.

6

Brickley counters that his claims against Reed complain not only of negligence but also of "calculated decisions."[7] Some of our sister courts when applying the anti-fracturing rule have said that intentionally fraudulent conduct supports a claim maintainable separately from ordinary legal malpractice. *See, e.g.*, *Murphy*, 241 S.W.3d at 695 n.5 (discussing two cases drawing distinction between "negligent legal practice" and fraud (citing *Estate of Degley v. Vega*, 797 S.W.2d 299, 303 (Tex. App.—Corpus Christi–Edinburg 1990, no writ); *Jampole v. Matthews*, 857 S.W.2d 57, 62 (Tex. App.—Houston [1st Dist.] 1993, writ denied))). But even under our sister courts' distinction between claims about negligent legal practice and those about intentional fraud,[8] Brickley's allegations in support of his causes of action for breach of contract and violations of the DTPA[9] still state only legal malpractice. The acts and omissions that Brickley alleges by Reed all concern Reed's preparation for, and conduct of, Brickley's criminal proceeding and the surrounding representation. In other words, all Brickley's allegations still concern allegedly improper legal representation or alleged bad legal advice, which makes the claims ones for legal malpractice. *See Vara*, 2013 WL 1315035, at \*3; *Beck*, 284 S.W.3d at 426–28.

---

[7] Brickley also calls some of Reed's alleged acts and omissions "criminal," but aside from the causes of action we are dealing with, Brickley nowhere claims that he is bringing any civil cause of action for Reed's violation of a Penal Code statute.

[8] Moreover, this Court and others have said that claims pleaded as fraud still may constitute improperly fractured legal-malpractice claims. *See, e.g.*, *Beck*, 284 S.W.3d at 426–27; *Brantner v. Robinson*, No. 10-17-00335-CV, 2019 WL 3822306, at \*4 (Tex. App.—Waco Aug. 14, 2019, no pet.) (mem. op.); *Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at \*4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.).

[9] The cause of action for breach of fiduciary duty remains an improperly fractured legal-malpractice claim for the independent reason, explained above, that Brickley has not alleged an improper benefit.

In all, the result of our analysis is that Brickley pleaded only legal malpractice against Reed. We thus overrule Brickley's third issue.

## II. The *Peeler* doctrine applies.

In his second issue, Brickley maintains that the *Peeler* doctrine does not apply to his legal-malpractice claims.

*Peeler* concerns the causation element of legal-malpractice claims. Under the *Peeler* doctrine, "convicts may not sue their criminal-defense attorneys for malpractice unless 'they have been exonerated on direct appeal, through post-conviction relief, or otherwise.'" *Gray v. Skelton*, 595 S.W.3d 633, 637 (Tex. 2020) (quoting *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995) (plurality op.)). This is because "[i]t is the convicted criminal's illegal conduct, not the attorney's negligence, that proximately causes the conviction." *Id.* (citing *Peeler*, 909 S.W.2d at 497–98). "So if convicted criminals want to sue their defense attorneys, they must first remove the proximate-cause bar," and they do so "by being 'exonerated.'" *Id.* (quoting *Peeler*, 909 S.W.2d at 498).

Brickley argues that the *Peeler* doctrine does not apply to his legal-malpractice claims for two reasons. First, he argues that he "is precluded from proving" exoneration "because Reed will not turn over the . . . client file." He is in effect arguing for a new impossibility exception to the *Peeler* doctrine but has offered no authority to support creating such an exception. Neither the Supreme Court of Texas, our Court, nor any of our sister courts have recognized any such exception of which we are aware. Plus, Brickley demonstrates little need for the client file because in his appellant's brief he presents a lengthy, three-pronged argument for why his criminal conviction should be overturned and cites and attaches as support in an appendix record excerpts

8

from his criminal trial. Brickley's apparent ability to bring those arguments here belies his representation that he cannot bring the same arguments with the same record support in a petition for a writ of habeas corpus or if his conviction is otherwise vacated, in this suit in the way the Supreme Court anticipated in *Gray*, *see* 595 S.W.3d at 639 (discussing procedure for submitting innocence issue in convicted plaintiff's legal-malpractice suit). We are not persuaded to create the exception that Brickley asks for.[10]

Second, he argues that *Peeler* is distinguishable from his case because while the *Peeler* convicted plaintiff pleaded guilty to her charge, he has always contested his guilt. But *Peeler* represents a rule of general application to all convicted plaintiffs who sue their criminal-defense attorneys for legal malpractice, *see id.* at 637–39 (applying *Peeler* doctrine to all such plaintiffs), and it has indeed been applied to plaintiffs who pleaded not guilty in their criminal trials and then sue their trial counsel, *see generally, e.g.*, *Dunsmore v. Hanley*, No. 14-15-00321-CV, 2016 WL 4479523 (Tex. App.—Houston [14th Dist.] Aug. 25, 2016, pet. denied) (mem. op.); *Owens v. Harmon*, 28 S.W.3d 177 (Tex. App.—Texarkana 2000, pet. denied).

We overrule Brickley's second issue.

## III. Brickley's constitutional challenges are foreclosed.

In his first issue, Brickley maintains that the *Peeler* doctrine is unconstitutional under many constitutional provisions. But Brickley's unconstitutionality argument under the Texas Constitution's Open Courts provision is the only argument supported with citation to any

---

[10] Also, if Brickley is presenting here his arguments for overturning his convictions as a collateral attack on those convictions, the arguments are inappropriate in this appeal in a civil malpractice suit; they belong instead in a proceeding on a petition for a writ of habeas corpus.

supporting authorities.[11]  *See* Tex. Const. art. I, § 13.  All other parts of this issue are thus forfeited for inadequate briefing.  *See* Tex. R. App. P. 38.1(i); *see also Copeland v. Federal Nat'l Mortg. Ass'n*, No. 03-16-00030-CV, 2016 WL 6407305, at \*1 (Tex. App.—Austin Oct. 28, 2016, pet. dism'd w.o.j.) (mem. op.) (holding *pro se* appellant to standards of Rule of Appellate Procedure 38.1(i)).

The Open Courts challenge is foreclosed by *Peeler* itself and by authority holding that the Open Courts provision applies only to statutory restrictions.  *See Peeler*, 909 S.W.2d at 499; *see, e.g.*, *In re I.M.S.*, No. 14-07-00638-CV, 2008 WL 5059179, at \*3 (Tex. App.—Houston [14th Dist.] Dec. 2, 2008, no pet.) (mem. op.).  Brickley identifies no statute that is barring his claims here.  We overrule this remaining portion of his final issue.

## CONCLUSION

We affirm the trial court's judgment.

_____

Chari L. Kelly, Justice

Before Justices Baker, Kelly, and Smith

Affirmed

Filed:  March 7, 2023

_____

[11]  Otherwise, to the extent that Brickley is citing a legal-dictionary definition to support an argument that criminal defendants are a constitutionally protected suspect class for purposes of his legal-malpractice claims, that argument is foreclosed by binding authority.  *See Peeler*, 909 S.W.2d at 499 (citing *McGinnis v. Royster*, 410 U.S. 263, 270 (1973)).

10