**Coy Lynn OWENS, Appellant,**

v.

**Eldred M. HARMON, Attorney at Law (Deceased), Orlando Hernando, Attorney at Law, Harmon–Sutter Law Firm, an Oklahoma Partnership, and Walker and Walker Law Firm, an Oklahoma Partnership, Appellees.**

No. 06–00–00010–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 5, 2000.

Decided Sept. 6, 2000.

Coy Lynn Owens, Texarkana, pro se.

Thomas M. Alexander, Dallas, for Harmon-Sutter Law Firm.

W.T. Allison II, Sulphur Springs, for Walker & Walker Law Firm.

Shideh Sharifi, Dallas, for Orlando Hernando.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## O P I N I O N

Opinion by Chief Justice CORNELIUS.

Coy Owens appeals, pro se, from a summary judgment rendered against him in his malpractice lawsuit against attorney Eldred Harmon, attorney Orlando Hernando, the Harmon–Sutter Law Firm, and the Walker and Walker Law Firm.

Owens contends that the summary judgment was improperly granted because genuine issues of fact existed concerning whether ineffective assistance by the defendants caused his conviction for various criminal offenses. He also contends that the trial court erred by rendering summary judgment without having considered his response to a court order, and by failing to rule on several of his motions that were pending at the time summary judgment was rendered.

Owens was convicted in the United States District Court for the Eastern District of Texas on nine counts: two for conspiracy to commit fraud by mail, two for fraud by mail, four for aiding and abetting fraud by mail, and one for using fire to commit a felony. Owens was convicted after pleading not guilty, and the court sentenced him to 210 months' imprisonment. At a hearing in the trial court on ineffective assistance of counsel allegations, the court found beyond a reasonable doubt that the testimony of witnesses allegedly prevented from testifying by counsels' ineffectiveness would have had little or no effect on the outcome of the trial. Owens appealed from his convictions, and the United States Court of Appeals for the Fifth Circuit found no error and affirmed the convictions.

All defendants filed motions for summary judgment based on their contentions that, as a matter of public policy in connection with a criminal prosecution, a suit for malpractice may not be asserted unless the defendant has been adjudged not guilty.

The question whether public policy prevents such a malpractice claim is answered by the ruling in *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex.1995). In *Peeler*, the court reviewed a malpractice claim brought by Carol Peeler against her attorney. Peeler pleaded guilty to a federal crime pursuant to a plea bargain. Before she pleaded guilty, the prosecutor had informed her counsel that he would offer absolute transactional immunity in exchange for her cooperation. Counsel did not inform Peeler of the offer.

The *Peeler* court reviewed cases from a number of jurisdictions involving legal malpractice claims brought by convicted defendants and adopted the sole proximate cause bar to such actions. The court reasoned that:

> In the context of a criminal matter, we have not addressed whether the client's criminal conduct is, as a matter of law, the sole proximate or producing cause of the client's eventual conviction and damages, such that a legal malpractice claim may not be brought absent a showing that the plaintiff has been exonerated from the criminal conviction, either by direct appeal, post-conviction relief, or otherwise.

*Peeler v. Hughes & Luce*, 909 S.W.2d at 496–97. The court went on to hold that convicted plaintiffs could negate the sole proximate cause bar to their claims for legal malpractice in connection with their convictions only if they have been exonerated. *Peeler v. Hughes & Luce*, 909 S.W.2d at 497–98.

A plurality of the court emphasized that Peeler had never even contended that she did not commit the acts for which she was convicted. The court, however, did not base its decision on that fact, but rather based its holding on public policy considerations. The court reasoned that it was necessary to balance the "strong public

policies" of preventing convicts from either escaping the consequences of or profiting from their illegal acts and the need to hold criminal defense attorneys responsible for their professional negligence, and that in the absence of actual exoneration, the suit was proscribed by public policy.

Owens contends that because the plaintiff in the *Peeler* case pleaded guilty to the crime, the holding in that case is limited to cases where the malpractice plaintiff pleaded guilty, and it does not apply to him because he claims innocence. We disagree.

■ Although *Peeler* did involve a guilty plea, the holding in that case is not limited to guilty pleas. The opinion makes clear that a person convicted of a crime cannot pursue a malpractice claim against his attorney unless he has established his innocence by direct appeal, post-conviction relief, or other legal proceedings. *Peeler v. Hughes & Luce,* 909 S.W.2d 494; *see also Johnson v. Odom,* 949 S.W.2d 392 (Tex. App.-Houston [14th Dist.] 1997, pet. denied).

Owens steadfastly claims to be innocent. His attorney admitted to actions that are questionable, such as his admission that he directed Owens not to testify at his criminal trial and that he did not know whether Owens knew he had a right to testify. Actual error, however, is insufficient to overcome the public policy considerations articulated in *Peeler.* Owens has not been exonerated by any court, and his direct appeals have failed. In such a situation, we are constrained by *Peeler* to find that the trial court correctly interpreted the controlling law and did not err by rendering summary judgment in favor of the defendants.

Owens next contends that the trial court erred by rendering summary judgment before reading his response. At the hearing on the summary judgment motion, the trial judge gave Owens fourteen days to respond to the legal arguments of counsel. Within that time period, on November 26, 1999, Owens mailed a responsive brief, which was received and filed by the clerk on December 1, 1999. The trial court signed the summary judgment on December 3, 1999. There is nothing in this record to indicate that the trial judge was unaware of the response or that he did not consider the arguments contained in it in making his decision.

■ Owens next contends that the trial court erred by failing to rule on the motions that were outstanding at the time summary judgment was rendered. He has provided us with no authority requiring a court to rule on motions that are made moot by the disposition of the case. Further, the motions were effectively denied by the judgment, which contains language stating that "all other relief not expressly granted herein is hereby denied."

The judgment is affirmed.

Concurring Opinion by Justice GRANT.

BEN Z. GRANT, Justice, concurring.

I am compelled to concur with this opinion because of the Supreme Court opinion in *Peeler v. Hughes & Luce,* 909 S.W.2d 494, 496 (Tex.1995). The ramifications of the holding in the *Peeler* case might be better characterized as the incompetent criminal lawyer defense act—and the more incompetent, the stronger the defense. If a criminal lawyer can bungle a case sufficiently so that his client will never get out of prison, then the attorney can never be responsible for malpractice.

In such a legal malpractice claim, it is generally because the party is in prison that he or she may have grounds to complain about his attorney.

I agree with Chief Justice Phillips's dissent in the *Peeler* case that even if the defendant has not been exonerated, if the defendant can prove that there would have been no conviction but for the attorney's malpractice, relief should be available.

I respectfully concur.