

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00057-CV

_____

BENJAMIN S. RHODES, Appellant

V.

GEORGE L. PRESTON AND ASSOCIATES, ATTORNEY AT LAW;
AND JERRY L. COYLE, ATTORNEY AT LAW, Appellees

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 83219

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Benjamin S. Rhodes appeals the trial court's grant of summary judgment in favor of attorneys George Preston and Jerry Coyle.[1] Preston and Coyle had represented Rhodes in criminal prosecutions. Rhodes sued the two attorneys alleging negligence and gross negligence in their representation of him. We affirm the trial court's grant of summary judgment.

### I. Background and Procedural History

Rhodes filed suit in February 2014 alleging that Preston and Coyle were appointed to defend him in criminal matters in the 6th Judicial District Court of Lamar County. The pleading alleges the appointment dates were October 28, 2004, and April 30, 2012, respectively.[2] Preston was appointed to represent Rhodes during his trial on the merits, and Coyle was appointed to represent him in a community supervision revocation proceeding.

### II. Rhodes' Pleadings

In 2000, Rhodes was involved in an altercation with Michael Borders outside of a local nightclub that led to Borders' death. On June 16, 2003, based on his involvement in this altercation, a Lamar County jury convicted Rhodes of manslaughter, and he was placed on ten years' community supervision. Preston was appointed to and did represent Rhodes during the trial proceedings stemming from this 2000 altercation. We addressed Rhodes' direct appeal from his manslaughter conviction in *Rhodes v. State*, No. 06-03-00162-CR, 2004 WL 2399870 (Tex. App.—Texarkana Oct. 28, 2004, no pet.) (mem. op., not designated for publication).

---

[1]Rhodes sued Preston and Coyle both individually and in their capacities as heads of their respective firms.

[2]In affidavits filed in support of their motions for summary judgment, Preston states he was appointed on March 29, 2000, to represent Rhodes on a charge of murder, and Coyle states he was appointed on June 19, 2012, to represent Rhodes on a motion to revoke community supervision

On June 19, 2012, the State moved to revoke Rhodes' community supervision based on allegations that Rhodes assaulted his wife by striking her in the head with a broom handle. Following a trial to the bench, the trial court revoked Rhodes' community supervision and sentenced him to ten years' confinement. Coyle was appointed to and did represent Rhodes in the 2012 revocation proceedings. We addressed Rhodes' direct appeal from this revocation judgment in *Rhodes v. State*, No. 06-12-00144-CR, 2013 WL 1804117 (Tex. App.—Texarkana Apr. 30, 2013, no pet.) (mem. op., not designated for publication).

Rhodes alleged in his civil lawsuit that Preston and Coyle were negligent and grossly negligent in their legal representation and that they engaged in misrepresentation and legal malpractice.[3] Rhodes claims the attorneys were unprepared for trial, erred concerning several evidentiary matters, and failed to file proper motions or secure witness testimony. Finally, Rhodes alleges that one of the attorneys allowed him to be subjected to an "unauthorized sentence."[4]

III.    **Summary Judgment Evidence**

Preston and Coyle both moved for summary judgment and filed affidavits supporting their motions. Coyle stated that he did not represent Rhodes at the original trial and that he was first appointed to represent Rhodes on June 19, 2012. Shortly thereafter, Coyle met with Rhodes

---

[3]The petition also claimed a conspiracy had been engaged in by Preston, Coyle, and the trial court; that one prosecutor had told Preston the case should be dismissed; and that another prosecutor conspired with the trial court to pursue prosecution.

[4]Rhodes did not explain how he was subjected to an unauthorized sentence. He was sentenced to ten years' confinement, and the sentence was suspended ten years. Following revocation of his community supervision, he was sentenced to ten years' imprisonment. Manslaughter is a second degree felony, and ten years is within the range of punishment. *See* TEX. PENAL CODE ANN. § 19.04 (West 2011).

3

and an investigator who worked on the case. Coyle stated that Rhodes declined the State's proffered negotiated plea agreement. Coyle advised Rhodes that the trial court would likely revoke Rhodes' cummunity supervision.

Preston's affidavit stated that he was appointed March 29, 2000, to represent Rhodes on a murder charge and met with Rhodes and the investigator "numerous times." Preston attached a copy of a letter he sent to Rhodes in which Preston informed Rhodes that he had previously forwarded all available discovery materials to Rhodes.

Both in their summary judgment motions and in their briefing filed with this Court, Preston and Coyle rely heavily on the Texas Supreme Court's opinion in *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995). In a nutshell, *Peeler* held that, in Texas, a convicted criminal cannot sue his attorney for professional malpractice arising from the attorney's representation in the criminal matter that led to his conviction unless he "first establish[es] that []he has been exonerated by direct appeal, post-conviction relief, or otherwise . . . ."[5] *Peeler*, 909 S.W.2d at 495, 497–98. "[A]s a matter of law, it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction, unless the conviction has been overturned." *Id.* at 498. Both Preston and Coyle also invoked the statute of limitations.[6] Preston pointed out that more than two years had elapsed since his representation of Rhodes concluded; Coyle pointed out that, to the extent Rhodes'

---

[5]This principle is sometimes referred to as "the sole proximate cause bar." *Peeler*, 909 S.W.2d at 497–98. In other words, a convicted criminal's illegal conduct is deemed the sole proximate cause of any damages arising from that conviction and, as such, bars any claim for professional malpractice absent proof of subsequent exoneration.

[6]*See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003 (West Supp. 2014).

4

petition suggested Coyle had represented Rhodes at the 2003 trial, limitations would bar any claim for relief.

## IV.    Trial Court Ruling

The trial court granted summary judgment to both Preston and Coyle.  The court found that the allegations in Rhodes' petition all stemmed from the 2003 trial that resulted in Rhodes' manslaughter conviction.  The court further found that Coyle had not represented Rhodes during the 2003 trial and that limitations barred any recovery based on conduct incident to the 2003 trial.  Finally, the trial court, citing *Peeler*, found that summary judgment was appropriate based on Rhodes' status as a convicted person who could not establish that he had been exonerated by "direct appeal, post-conviction relief, or otherwise."

## V.    Review of Summary Judgment

To defeat a plaintiff's cause of action on a traditional motion for summary judgment, the defendant must either 'conclusively negate an element of the plaintiff's claim or conclusively establish every element of an affirmative defense.  *Stovall & Assocs. v. Hibbs Fin. Ctr., Ltd.*, 409 S.W.3d 790, 795 (Tex. App.—Dallas 2013, no pet.) (quoting *Ohio Cas. Ins. Co. v. Time Warner Entm't Co., L.P.*, 244 S.W.3d 885, 888 (Tex. App.—Dallas 2008, pet. denied)).  "A matter is conclusively established if ordinary minds cannot differ as to the conclusion to be drawn from the evidence." *Id*. (citing *Holloway v. Dekkers*, 380 S.W.3d 315, 320 (Tex. App.—Dallas 2012, no pet.)).  "The defendant, however, is not required to respond with evidence if deficiencies in the plaintiff's own proof or legal theories will defeat the movant's right to judgment as a matter

of law." *Id.* (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)).

A reviewing court "must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003). One of the grounds on which the trial court based its grant of summary judgment to Preston and Coyle was the sole proximate cause bar established by *Peeler*.[7] Because Rhodes offered no evidence of "exoneration by direct appeal, post-conviction relief, or other legal proceedings,"[8] the trial court determined that the sole proximate cause bar foreclosed Rhodes' lawsuit.

Because we agree with the trial court that this case is controlled by *Peeler* and because Rhodes failed to show that he had been exonerated of manslaughter, the trial court's conclusion that Rhodes could not pursue his professional malpractice claims against his former attorneys was legally sound. *See Owens v. Harmon*, 28 S.W.3d 177, 179 (Tex. App.—Texarkana 2000, pet. denied) (affirming grant of summary judgment to former attorney where convicted criminal

---

[7]We treat claims against a former attorney as legal malpractice claims as long as the "crux of the complaint" stems from the former attorney's alleged failure to perform his or her duties in a professional manner. *Isaacs v. Schleier*, 356 S.W.3d 548, 557 (Tex. App.—Texarkana 2011, pet. denied) (quoting *Kimleco Petroleum, Inc. v. Morrison & Shelton*, 91 S.W.3d 921, 924 (Tex. App.—Fort Worth 2003, pet. denied) ("Regardless of the theory a plaintiff pleads, as long as the crux of the complaint is that the plaintiff's attorney did not provide adequate legal representation, the claim is one for legal malpractice.").

[8]We previously noted our affirmances of Rhodes' original conviction and of the revocation of his community supervision.

plaintiff failed to prove exoneration as required by *Peeler*).[9]  The trial court correctly granted

summary judgment to Preston and Coyle.[10]

     We affirm the judgment of the trial court.


                        Jack Carter
                        Justice


Date Submitted:     November 5, 2014
Date Decided:      December 31, 2014

---

[9]In *Owens*, we also pointed out that, while *Peeler* involved a plea of guilty, that case's holding was not limited to such pleas. *See Peeler*, 909 S.W.2d at 498.

[10]The trial court also ordered Rhodes to pay $7,875.00 to Coyle and $3,750.00 to Preston as sanctions for filing "groundless pleadings brought in bad faith or for the purpose of harassment."  Rhodes does not challenge these sanctions on appeal.